## SARAH J. BARNES v. THE ESTATE OF ROBERT S. MOORE.

*Husband and wife—Claim for services of wife—Evidence.*

1. Where a husband supports his family, he is entitled to the compensation for services rendered by himself and family (including his wife) in nursing and caring for a boarder, in the absence of an agreement to the contrary.

2. In such a case the wife cannot maintain a claim against the estate of the deceased boarder for such services without proof of the husband's consent and relinquishment, which cannot be shown by the commissioners' report on claims, wherein it appears that no claim has been filed by the husband for such services.

Error to Wayne. (Brevoort, J.) Argued June 19, 1891. Decided July 28, 1891.

Appeal from the disallowance of a claim by the commissioners on claims. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*William J. Gray,* for appellant, contended:

1. " We do not believe that it is now sound law that a husband owns his wife's services performed outside of the family. There have been many cases holding that way, and in our own reports are to be found mere *dicta* in that direction; but if we show that no Michigan case has expressly passed on the point, and convince the Court that the outside cases are a relic of barbarism, with no sound basis, it is not unreasonable to ask that this case be decided upon sound principles, no matter what any other court may have said." Counsel then cites *Glover v. Alcott,* 11 Mich. 470; *Tong v. Marvin,* 15 Id. 60; *Tillman v. Shackleton,* Id. 447; *Mason v. Dunbar,* 43 Id. 407; *Harrington v. Gies,* 45 Id. 374; *Benson v. Morgan,* 50 Id. 77; *Sines v. Superintendents,* 58 Id. 503.

2. At the common law the husband owned the wife's earnings; but the married woman's act (How. Stat. § 6295) gives them to her. None of the cases cited here passed upon this point (beyond a mere *dictum*), and we ask the Court to construe the act liberally. It provides that " the real and personal estate of every female, acquired before marriage, and all property, real and personal, to which she may afterwards become entitled," etc., shall be her own. Does not the word "property" include money due for services? Upon the construction of a similar statute, the supreme court of errors of Connecticut, in 1884, held that it did; citing *Shea v. Maloney,* 52 Conn. 327; *Whiting v. Beckwith,* 31 Id. 596; and a chose in action is property, and this Court has held that *that* word "property" includes damages for personal injuries and for slander, and that such damages belong to the wife; citing *Berger v. Jacobs,* 21 Mich. 215; *Leonard v. Pope,* 27 Id. 145.

*H. C. Wisner,* for defendant.

GRANT, J. Plaintiff presented a claim against the estate of Mr. Moore for nursing him in August and

September, 1885, and from January to August, 1887, at $10 per week, $420, and for extra room rent for 22 months, $110. The commissioners disallowed the claim, and on appeal to the circuit court a verdict was directed against the plaintiff.

Mr. Moore boarded in plaintiff's family, which consisted of herself, husband, and son. He paid $16 per month for his board and room. During that time he was sick on two occasions, and was nursed and cared for by the plaintiff, her husband, and son. Her husband supported the family, and, in the absence of any agreement, was entitled to the compensation for the services rendered by his family and himself to Mr. Moore. There was no evidence that the husband had relinquished his right to these services.

We think the present case is clearly ruled by that of *Mason v. Dunbar*, 43 Mich. 407.

When the husband supports his family, his wife cannot maintain an action for services like those here rendered without proof of the husband's consent and relinquishment. Such relinquishment and consent cannot be shown by the commissioners' report of claims, wherein it appears that no claim has been filed by the husband. The ruling of the court in refusing to admit this report was therefore correct.

Judgment is affirmed.

The other Justices concurred.