Spitz and another vs. Tripp.

Spitz and another, Respondents, vs. Tripp, Garnishee, Appellant.

*September 7 — September 26, 1893.*

*Garnishment: Chattel mortgage.*

Under sec. 2768, R. S., a garnishee cannot be held liable for property of which he had taken possession under a chattel mortgage given by the defendant, but which had passed out of his possession and control prior to the service of the garnishee summons upon him; and it is immaterial whether the mortgage was valid or invalid, or the possession so taken was lawful or unlawful, as against the defendant's other creditors.

APPEAL from the Circuit Court for *Sauk* County.

The principal defendant, J. L. Tabor, was a merchant at Prairie du Sac. On April 11, 1892, he executed a chattel mortgage upon his goods, furniture, and fixtures to the garnishee, *J. S. Tripp,* to secure the payment of $1,900 and interest, and said mortgage was filed in the office of the village clerk April 12, 1892. On July 25, 1892, the said J. L. Tabor executed another chattel mortgage on said personal property to James H. Forrester & Co. to secure the payment of $224.65, and said mortgage was filed in said clerk's office July 26, 1892. Tabor continued in the possession of said goods from April 11, 1892, to July 26, 1892, and continued to sell goods covered by said mortgages therein, as a retail merchant, using the money obtained from such sales for his own use. On July 26, 1892, the said *J. S. Tripp* took possession of all of said property unsold, under his said chattel mortgage. The value of the property so taken by him was $6,830.85, and he retained the same until September 10, 1892, except that Tabor demanded his $200 exemption therefrom, and was allowed to take the same therefrom as exempt property, leaving of said property in the possession of said *J. S. Tripp* $6,630.85. On July 28, 1892, Tabor executed another chattel mortgage

to Amanda Oertel upon all of the goods, wares, and merchandise then in the store lately occupied by him, but then in the possession of said *Tripp*, subject, however, to the two other mortgages already mentioned, to secure the payment of $400 and accrued interest, which said mortgage was filed in said village clerk's office July 29, 1892. Tabor was a married man when he made said mortgages, and his wife failed to sign any of them.

On August 31, 1892, Tabor gave to the said *J. S. Tripp* a writing whereby he authorized and empowered him, for and in his place, upon the sale of said property, and after first applying a sufficient amount of the proceeds thereof to satisfy his own mortgage and the costs and expenses of the care of the goods and of such sale, from the surplus of the proceeds thereof to pay and discharge, first, the said mortgage to Forrester & Co., and then the said mortgage to Oertel, and with the balance of the proceeds of such sale to pay and discharge certain debts therein named, aggregating the sum of about $1,700. On September 10, 1892, the said *J. S. Tripp* sold, assigned, and transferred his interest in and to said chattel mortgage so given to him as aforesaid to one Edward P. Tabor, and thereupon delivered to the said Edward P. Tabor possession of said goods, wares, merchandise, and other property described in said chattel mortgage; and said Edward P. Tabor afterwards sold said property, and after the payment of the said mortgage of $1,900, and the interest thereon, and the payment of said mortgage of $224.65, and the interest thereon, and after the payment of the said mortgage of $400, and the interest thereon, returned to the said *J. S. Tripp* the sum of $615.09, which said sum was and still is in the hands and possession of the said *J. S. Tripp*, garnishee, and is the balance or surplus of the proceeds of such goods, wares, and merchandise and other property, and at the time of the service of the garnishee summons herein upon him, to wit, December 20, 1892, the said *J. S. Tripp* had in his

possession and under his control the said $615.09, together with the amount which he received from the said Edward P. Tabor in payment of his own mortgage of $1,900.

On December 20, 1892, the said *J. S. Tripp*, as such garnishee, answered, denying all liability. On January 13, 1893, the plaintiffs gave notice of their election to take issue with such answer. On January 18, 1893, the plaintiffs recovered judgment against the said J. L. Tabor for $1,131.18, and the same is still due, with interest thereon. Upon the trial of the garnishee action the court found the facts, in effect, as stated, and ordered judgment thereon for the plaintiffs against the said garnishee, *J. S. Tripp*, for $1,131.18, and interest thereon from January 18, 1893, together with costs. From the judgment entered accordingly, the said garnishee, *J. S. Tripp*, appeals.

*G. Stevens*, for the appellant.

For the respondent there was a brief by *Grotophorst & Buckley*, and oral argument by *Herman Grotophorst*.

CASSODAY, J. It seems to be conceded that April 11, 1892, J. L. Tabor was justly indebted to the garnishee, *Tripp*, in the sum of $1,900, and that on that day he gave the chattel mortgage to secure the same as mentioned in the foregoing statement; that July 26, 1892, *Tripp* took possession of the property under his mortgage, and retained the same until September 10, 1892, when he sold, assigned, and transferred all his interest in the mortgage, and delivered the possession of all the property, to one Edward P. Tabor; that *Tripp* had nothing to do with the property thereafter, except to receive from the proceeds of the sale thereof enough to satisfy his mortgage debt, and $615.09 in addition. At the time the garnishee summons was served upon *Tripp*, December 20, 1892, he still was in possession of the $615.09, and is liable as garnishee for that amount, unless held by some prior claim.

The statute provides that "*from the time of the service* of the summons upon the garnishee, he shall stand liable to the plaintiff to the amount of the property, moneys, credits and effects *in his possession, or under his control*, belonging to the defendant, or in which he shall be interested, to the extent of his right or interest therein, and of all debts due or to become due to the defendant, except such as may be by law exempt from execution. Any property, moneys, credits and effects, held by a conveyance, or title, void as to the creditors of the defendant, shall be embraced in such liability." Sec. 2768, R. S. Under this statute, *Tripp* cannot be held liable, as garnishee, for any property, moneys, credits, or effects belonging to the principal debtor, which had passed out of his possession or control more than three months prior to the service of the garnishee summons upon him. Had *Tripp* been garnished by the plaintiffs at any time between July 26, 1892, and September 10, 1892, then the validity of the mortgage, and *Tripp's* right to hold possession of the goods, would have been involved, and might have been determined. *La Crosse Nat. Bank v. Wilson*, 74 Wis. 398; *Edwards v. Roepke*, 74 Wis. 575. But, upon the facts of this case, it is immaterial whether the mortgage was valid or invalid, or such possession lawful or unlawful, as against J. L. Tabor's other creditors, since none of them during that time proceeded against the property or *Tripp* as garnishee. *Tripp* certainly had the legal right to sell his mortgage, and to receive payment of his debt, whether it came to him from J. L. Tabor or Edward P. Tabor. This is not an action for trespass or conversion, nor is there any question of unlawful preference involved.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with direction to enter judgment in accordance with this opinion, and for further proceedings according to law.