GLEASON and another, Appellants, vs. SOUTH MILWAUKEE NATIONAL BANK, Garnishee, Respondent.

*January 9 — March 5, 1895.*

*Garnishment: Temporary possession of property.*

A judgment debtor presented a village order to a bank and asked for a loan thereon. He indorsed it as directed by the cashier, and placed it on the bank counter inside of the screen. While the cashier was counting out the money, and before he had given any money to the debtor, an officer having garnishee process founded on the judgment said to the cashier, "Stop payment. I have some papers." The cashier stepped to the door at the end of the counter to receive the papers, but while he was doing so and before they were served the debtor took the order from the counter and left with it. *Held*, that title to the order had not passed to the bank so as to render it liable as garnishee.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Affirmed.*

The plaintiffs had recovered a judgment against the principal defendants, Loy and Whalen, for $305.20, and the latter held a village order directing the treasurer of the village of South Milwaukee to pay to them, or order, $386. Whalen, one of the judgment debtors, presented the order, properly indorsed by the treasurer of the village, to the *South Milwaukee National Bank*, where the village kept its funds in the name of its treasurer, and asked for $100 upon it as a

loan. The cashier looked at the order, and handed it to Whalen, telling him to indorse it, and Whalen indorsed it accordingly and returned it to the bank counter inside of the door in the screen through which the ordinary business of the bank was transacted, within reach of both the cashier and Whalen. While the cashier was in the act of counting out the money, and before completing it, and before passing any money to Whalen, an officer having the garnishee process in question, founded on said judgment, said to the cashier: "Stop payment. I have some papers." The cashier stepped around to the door at the end of the counter, and was handed the affidavit and garnishee summons, but while he was stepping to the door Whalen took the order from the counter where it had been placed, and left the bank, and had not returned it. The court, having found these facts, gave judgment discharging the bank garnishee, and the plaintiffs appealed.

*C. G. Woolcock*, for the appellants.

For the respondent there was a brief by *Quarles, Spence & Quarles*, and oral argument by *T. W. Spence*. They cited *Bates v. C., M. & St. P. R. Co.* 60 Wis. 307; *Staniels v. Raymond*, 4 Cush. 314; *Case v. Dewey*, 55 Mich. 116.

PINNEY, J. The finding, which appears to be supported by the evidence, shows that the transaction between Whalen and the bank was incomplete at the time the garnishee process was served. The delivery of the order upon which the plaintiffs rely to charge the garnishee was not completed so as to pass title to the order and prevent Whalen from retaking it, and the bank had acquired no right, as against him, to retain it. When Whalen handed the order through the wicket, properly indorsed, if the cashier had refused to pay the money and claimed the right to hold the order to some other use or purpose, Whalen would have had a perfect right, if within his reach, to take the order, and to refuse to pro-

ceed further in the transaction. Whatever delivery there was into the power or control of the cashier, so long as the order remained equally within the power or control of Whalen, was, as between him and the bank, not absolute, but conditional upon his receiving the money. The order was not placed upon the counter with any other view or purpose. Until he received the money he had a right to retake it, as it was found he did, before the process was served on the cashier and while the latter was stepping to the door at the end of the counter to meet the officer. The consequence is that when the bank was served with the garnishee process it did not hold the order for the judgment debtors, and, as it failed to acquire any title to it, it was not indebted to them for it.

Besides, there is a further view of the case that is decisive against the plaintiffs. A party may in certain cases have the possession or control of property of another for the time being, and yet not be subject to garnishee process, as is aptly illustrated in the case of *Staniels v. Raymond*, 4 Cush. 314, where the transaction, like the one under consideration, had not been completed. The property in that case (a cow) came to the possession of the party sought to be charged, on trial, with a view of purchasing her, and he had notified the owner he would not buy her. In that case, cited with approval in *Bates v. C., M. & St. P. R. Co.* 60 Wis. 307, the court said: "We think it could never have been the intention of the legislature that the mere possession of property by a party having no claim to hold it against the owner, should render him liable as trustee, and thereby subject him to trouble and expense in answering to a claim in which he has no interest. Such a construction of the statute would be prejudicial in very many instances, and cannot be admitted."

The garnishee was properly discharged.

*By the Court.*— The judgment of the superior court is affirmed.