Jones and others, Respondents, vs. Kosing, Garnishee, Appellant.

*December 17, 1895 — January 7, 1896.*

*Garnishment: Chattel mortgagee: Sale before service: Fraud.*

A garnishee who sold his interest in the property, and parted with the possession and control of it, and applied the proceeds in payment of the defendant's debt to him, before service of the garnishee summons, cannot be held liable therefor, whether the mortgage and bill of sale of the property by the defendant to him were valid or invalid, or his possession was lawful or unlawful, as against other creditors of the defendant.

APPEAL from a judgment of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Reversed.*

Garnishment. The facts are stated in the opinion.

For the appellant there was a brief by *Wickham & Farr,* and oral argument by *James Wickham.*

For the respondents there was a brief by *Geo. C. & Fred A. Teall,* and oral argument by *Fred A. Teall.*

MARSHALL, J. The defendant, Adolph Keller, being indebted to the garnishee, *Charles Kosing,* in the sum of $1,592, gave as security a bill of sale of some merchandise, situated in his warehouse, for $1,101, and a chattel mortgage to secure the balance of $491 on the stock of goods in his store, subject, however, to a mortgage thereon of $1,680, to William Keller, another creditor. The latter thereafter sold the store stock on his mortgage, for $2,175. Thereafter defendant, Adolph Keller, and the garnishee defendant, *Kosing,* made a settlement, in which it was agreed that *Kosing* should take $1,400 for his claim. He then sold his interest in the warehouse property, and his entire claim against Adolph Keller, to William Keller, for $1,400, and took his note therefor. After *Kosing* had parted with the possession

of and all interest in the property by the sale to William Keller, this suit was brought against Adolph Keller, and *Kosing* was summoned as garnishee. Plaintiffs claimed that the chattel mortgage and bill of sale given to the latter were made to hinder and delay the creditors of the former. Issue was joined in the garnishee action; was tried by a jury; a. verdict rendered in plaintiffs' favor; and judgment entered thereon, from which this appeal was taken.

It follows from the foregoing that the garnishee, *Kosing,* having sold his interest in the property, and parted with possession and control of it, and applied the proceeds in the payment of Adolph Keller's debt to him, before service of the garnishee summons, he cannot be held as garnishee,. whether the mortgage and bill of sale were valid or invalid, or his possession was lawful or unlawful, as against the other creditors of Adolph Keller. This was distinctly held in *Spitz v. Tripp*, 86 Wis. 25, which case rules this.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.