Gore vs. Brucker.

Gore, Appellant, vs. Brucker, Garnishee, Respondent.

*September 7 — September 22, 1896.*

*Garnishment: Chattel mortgages: Liability of agent in possession.*

An agent of the assignee of a chattel mortgage, who has taken possession of the mortgaged property pursuant to the terms of the instrument and holds the same for his principal, is not by reason of such possession subject to garnishment in an action against the mortgagor, even though the mortgage is void as against the creditors of the latter — especially where, immediately upon being garnished, the agent relinquishes his agency and surrenders the possession of the property to his principal.

Appeal from a judgment of the circuit court for Fond du Lac county: N. S. Gilson, Circuit Judge. *Affirmed.*

It appears from the record and the findings of the court, in effect, that May 31, 1894, the defendant Sklute gave to one Feldman a chattel mortgage purporting to secure the payment of a note for $3,343.76, due May 23, 1895, held by Feldman; that such mortgage was executed with an oral agreement between the parties thereto that Sklute might remain in possession of the property, and continue to sell the same in the usual course of business, and apply the proceeds to his own use without accounting to Feldman therefor; that June 7, 1894, Sklute executed another chattel mortgage to Feldman for $1,200, subject to the one of May

31, 1894, without any consideration as between Sklute and Feldman; that on the same day, to carry out the purpose in executing that mortgage, Feldman assigned both of said mortgages to Lapidus, without any consideration as between Lapidus and Feldman; that at the time of making such assignment Sklute was actually indebted to Lapidus in the sum of $800, and that Lapidus was also an indorser on Sklute's note of $500, due June 24, 1894; that Lapidus took the assignment in good faith, without any knowledge or notice on his part of any fraudulent intent between Sklute and Feldman, and without notice of the agreement that Sklute might sell the goods and apply the proceeds to his own use without accounting to Feldman, and that the assignment was taken to secure a *bona fide* indebtedness actually due Lapidus from Sklute for the sum of $800, and no more; that thereupon, and on June 7, 1894, Feldman and Lapidus delivered both mortgages to the garnishee, *Brucker*, as their agent, with instructions to foreclose the same; that *Brucker* thereupon took possession of the property under the chattel mortgages, and advertised the same for sale; that the plaintiff had a judgment against Sklute for $2,048.09, and upon an affidavit in his behalf, garnished *Brucker*, June 13, 1894; that *Brucker*, as such agent, then had the custody and possession of a part of the property described in the mortgages to the amount and value of $1,300; that *Brucker* then agreed with the attorneys for the plaintiff that he would not sell said property, unless properly indemnified; that as Feldman and Lapidus failed to so indemnify him, he voluntarily delivered said property to Lapidus and Feldman, who sold the same, under the notice given by *Brucker*, for $1,300, which was the fair market value of the same; that July 12, 1894, *Brucker* answered to the garnishee, and denied all liability; that the plaintiff thereupon took issue with such answer.

At the close of the trial of such issue, the court found, in

effect, the facts stated, and also found that the mortgage
of May 31, 1894, was executed with the intent to cheat,
hinder, delay, and defraud other creditors of Sklute; that
the mortgage of June 7, 1894, was valid to the extent and
amount of $800, and no more, which amount was actually
due Lapidus from Sklute; and that Sklute was not indebted
to Lapidus beyond that amount; that the answer of the
garnishee, *Brucker*, was true. As conclusions of law, the
court found, in effect, that the mortgage of May 31, 1894,
was fraudulent and void as to the creditors of Sklute; that
the mortgage of June 7, 1894, was valid to the extent and
amount of $800; that the garnishee, *Brucker*, was not liable
as garnishee of Sklute; and that the garnishee proceedings
against him should be dismissed. From the judgment en-
tered accordingly the plaintiff appeals.

For the appellant there was a brief by *Duffy & McCrory*,
and oral argument by *J. H. McCrory*.

For the respondent there was a brief by *Maurice Mc-
Kenna*, attorney, and a separate brief by *Phelps & Watson*,
attorneys for Lapidus and *Brucker*, and oral argument by
*Mr. McKenna*.

CASSODAY, C. J.   Each of the chattel mortgages mentioned
contained the usual clause to the effect that, if the party of
the second part should at any time deem himself insecure,
then it should be lawful, and the mortgagor thereby ex-
pressly authorized the second party, his heirs or assigns, or
his authorized agent, to take the property, and hold, sell, or
dispose of the same and all equity of redemption therein,
at public auction or private sale, with or without notice, and
on such terms as he might see fit, retaining the amount due
and interest and expenses incurred, returning the surplus
money, if any there should be, to the mortgagor, his heirs
or assigns. Under such provisions in the two mortgages,
Lapidus, as assignee of the mortgages, by *Brucker*, as his

authorized agent, took possession of a portion of the property described in the mortgages, respectively, prior to the time when the garnishee summons was served upon *Brucker*, as mentioned. Undoubtedly, Lapidus had the legal right to so take possession as against the mortgagor, Sklute. *Gage v. Wayland*, 67 Wis. 566; *Hill v. Merriman*, 72 Wis. 483. This court has repeatedly held, in effect, that such mortgages and the assignment thereof vested the legal title to the property therein described, and the right to take possession thereof, in Lapidus, as against Sklute, subject only to his right to redeem and have any surplus on the sale of the property. *Id.*

The question recurs whether Lapidus can properly be divested of such legal title and possession in a proceeding to which he is not a party by such garnishment of *Brucker*, in a suit against Sklute. The conclusions of the trial court are manifestly based upon the theory that *Brucker*, as such mere agent of Lapidus, was not subject to such garnishment,— especially as he immediately relinquished such agency and surrendered such custody. True, the statute provides, in effect, that, from the time of the service of the summons, the garnishee stands "liable to the plaintiff to the amount of the property, moneys, credits and effects in his possession, or under his control, belonging to the defendant;" and that such property, moneys, credits, and effects embrace those "held by a conveyance, or title, void as to creditors of the defendant." S. & B. Ann. Stats. sec. 2768; *La Crosse Nat. Bank v. Wilson*, 74 Wis. 398, and cases there cited; *McCown v. Russell*, 84 Wis. 122. But this court has repeatedly held, in effect, that "a garnishee is not liable as such for property in his possession unless the right of the principal defendant thereto is *absolute* at the time of the service of the garnishee process; nor for the amount of a debt if its becoming due depends upon a contingency." *Edwards v. Roepke*, 74 Wis. 571, and cases there cited; *Spitz*

*v. Tripp*, 86 Wis. 25. Certainly, Sklute had no such abso-
lute right to the property or the possession thereof at the
time the garnishee summons was served upon *Brucker*.
Following the well-established rule that courts are bound
to give a reasonable construction to a statute, Mr. Justice
TAYLOR, in *Bates v. C., M. & St. P. R. Co.* 60 Wis. 307,
quotes approvingly from a Massachusetts case [*Staniels v.
Raymond*, 4 Cush. 314] this language: "We think it never
could have been the intention of the legislature that the
mere possession of property by a party having no claim to
hold it against the owner should render him liable as trustee,
and thereby subject him to trouble and expense in answer-
ing to a claim in which he has no interest. Such a con-
struction of the statute would be prejudicial in very many
cases, and cannot be admitted." The same language was
quoted approvingly by Mr. Justice PINNEY in the late case
of *Gleason v. South Milwaukee Nat. Bank*, 89 Wis. 536.
See, also, Rood, Garnishment, § 52, and the following cases
there cited: *Nat. U. Bank v. Brainerd*, 65 Vt. 291; *Case v.
Dewey*, 55 Mich. 116; *Smalley v. Miller*, 71 Iowa, 90. To
hold *Brucker* under such circumstances would be to compel
him, without indemnity, to take the responsibility of deter-
mining at his peril whether the chattel mortgages were
void or valid. The plaintiff was at perfect liberty to attach
the property so in the custody of *Brucker*, since the same
was open and tangible, and, in fact, inspected by the plaint-
iff's general manager. *Smith v. Weeks*, 60 Wis. 94, 103.
Had the plaintiff so attached, Lapidus would have had an
opportunity to assert his right as mortgagee, and to have
the same determined in a proper form.

*By the Court.*— The judgment of the circuit court is af-
firmed.