Hussa vs. Sikorski and another.

---

Hussa, Respondent, vs. Sikorski and another, imp., Appellants.

*October 14 — November 1, 1898.*

*Garnishment: Agency: Substitution of debtor: Fraudulent conveyance.*

1. A mortgagor, wishing to pay his negotiable note secured by mortgage before it became due, put the money in the hands of a loan agent to be paid over to the mortgagee, who had agreed to receive it from him. *Held,* that such loan agent was merely an agent of the mortgagor to transmit the money, and was not a debtor of the mortgagee nor liable as his garnishee. The debt, being upon negotiable securities, was under sec. 2769, R. S. 1878, not subject to garnishment.

2. The satisfaction of the mortgage of record by the mortgagee before he received the money did not operate to pay the debt or to make the agent the debtor of the mortgagee so as to render him liable to garnishment as such.

3. The plaintiff in such action not being in a position as creditor to challenge a transfer of the debt by the mortgagee to his wife as being fraudulent, a finding to that effect is immaterial.

Appeal from a judgment of the circuit court for La Crosse county: O. B. Wyman, Circuit Judge. *Reversed.*

The record shows that plaintiff secured a judgment against the defendant *John Sikorski* on April 26, 1895, for $668.66, damages and costs; an execution was issued thereon, and was in the hands of the sheriff of La Crosse county at the time this action of garnishment was commenced. The affidavit required by the statute was made, and W. J. Hickisch was duly summoned as garnishee. The garnishee answered that he was not indebted to, and that he had no money or

property of, the defendant in his possession, except the sum of $510, which sum, he is informed and believes, belongs to him, but which was claimed by *Mary Sikorski*, and he asked that she be required to interplead.   She was duly brought into the action, and made answer that the garnishee was the agent of one Havel, and as such received certain money belonging to Havel, which is the same money sought to be secured by this garnishment.   She then sets up that in 1893 she had certain money of her own, which she loaned to Havel on notes and mortgages which were taken in her husband's name for convenience; that she was the owner of the notes and mortgages, and still had possession of them, and that there was unpaid thereon $510 at the time of the commencement of this action, but that the notes were not then due; that on that date Havel delivered to the garnishee $510 to pay the said notes and mortgages, and the latter induced *John Sikorski* to satisfy said mortgages without delivery of the same or payment of any money; that after the mortgages were satisfied the garnishee conspired with plaintiff and procured himself to be garnished; that she had never authorized her husband to receive the money on said mortgages or satisfy the same; that, after her husband satisfied the mortgages, Havel gave another mortgage on the same premises for $600; that Havel has no other property; and she therefore prayed that the money paid into court by the garnishee be paid to her.   The husband also made answer substantially setting up the same defense.

The case was tried before the court without a jury.   The court found that *John Sikorski* was indebted on the judgment; that execution had been issued; that *Sikorski* had no property liable to execution; that, at the time of the serving of the garnishee summons, Hickisch had in his hands $510, which he had agreed to pay to *John Sikorski* in settlement and satisfaction of the Havel notes and mortgages, and that the pretended transfer to *Mrs. Sikorski* of the notes

and mortgages was without consideration, and made with intent to defraud the creditors of *John*, and that, prior to the service of the garnishee process, the latter had agreed to receive said money from the garnishee in satisfaction of the said notes and mortgages, and had duly satisfied the mortgages upon the records; that the plaintiff was entitled to have the money paid into court by the garnishee applied on her judgment, and a judgment against the *Sikorskis* for costs.

From the judgment so entered, this appeal is taken.

For the appellants there was a brief by *Winter, Esch & Winter*, and oral argument by *Frank Winter*.

For the respondent there was a brief by *Bleekman, Bloomingdale & Bergh*, and oral argument by *F. H. Bloomingdale*.

BARDEEN, J. There being no certificate that the bill of exceptions contains all the evidence, the only question in this court is whether the pleadings and findings sustain the judgment. *Wille v. Bartz*, 88 Wis. 424; *In re Meseberg's Estate*, 91 Wis. 399; *Williamson v. Neeves*, 94 Wis. 656.

The record and findings show that one Frank Havel had executed and delivered to the defendant *John Sikorski* two notes secured by mortgages on real estate, upon which, at the date of the garnishment, there was due the sum of $510. Havel desired to raise more money on the mortgaged premises. The notes were not due. *Sikorski*, however, agreed to accept payment of the same. Hickisch, the garnishee, was employed by Havel to negotiate the new loan, and see to the payment and satisfaction of the mortgages held by *Sikorski*. Pursuant to the agreement to accept payment of these notes and mortgages, *Sikorski* satisfied the mortgages of record. Hickisch had the money to pay the same, and after the satisfaction, and before the money was paid over, the garnishment was made. The finding of the court is to the effect that Hickisch had this money from Havel, which,

for a valuable consideration, he had agreed to pay to *Sikorski* in settlement and satisfaction of the Havel notes and mortgages, and that *Sikorski* had agreed to receive the same from Hickisch in satisfaction thereof. Upon this state of facts, the court found, as a matter of law, that the money in the hands of Hickisch was garnishable, and directed judgment accordingly.

Was this judgment warranted by the facts found? The answer of the garnishee, upon which no issue was taken, states, in substance, that he is in no manner and upon no account whatever indebted or under liability to the defendant *John Sikorski*, and that he had in his possession no real estate, and no personal property, effects, or credits, belonging to him, except the sum of $510, which sum, he is informed and believes, belongs to *Sikorski*. None of the findings are inconsistent with this answer, even if it be conceded that such a finding could be made without issue having been taken thereon. The finding that the garnishee had agreed to pay this money to *Sikorski* did not make him *Sikorski's* debtor. It was to be paid in satisfaction of Havel's notes and mortgages, and the finding that *Sikorski* agreed to receive it through or from the garnishee does not in any sense change their relation.

There is no finding that *Sikorski* agreed to accept Hickisch as his debtor, or to release Havel from his indebtedness. Construing the findings to the widest limit in favor of the plaintiff, they amount to simply this: Hickisch received the money from Havel, and agreed with him to pay it to *Sikorski* in settlement of Havel's notes and mortgages, and *Sikorski* agreed to receive and accept such payment. There was no substitution of debtors. Hickisch simply stood in Havel's shoes. He was simply the conduit through which the money was to go from its source to its destination. The fact that the court found that *Sikorski* agreed to receive the money from Hickisch is of no significance. Under the cir-

cumstances, it amounts to nothing more than a finding that he agreed to accept payment of these notes and mortgages. The plain inference from the finding is that Hickisch was nothing more than Havel's agent in the transaction, and that he agreed to take the money Havel gave him and procure a satisfaction of these notes and mortgages. At no time in these proceedings has the plaintiff been in a position to charge Havel as garnishee. Havel was the maker of the notes and mortgages, and under sec. 2769, R. S. 1878, could not be held liable in such proceedings. For the same reason, his agent, holding money to pay the same, cannot be held liable. While this money was in his hands, it was the money of his principal, and not the money of *Sikorski*. It would be a most anomalous state of the law which would forbid the garnishment of the maker of negotiable paper, and yet permit his agent, holding money to pay the same, to be made liable in such proceedings.

This court has held that a garnishee is not liable for property in his possession unless the right of the principal defendant thereto was absolute. *Edwards v. Roepke*, 74 Wis. 571. *Sikorski* could not have enforced payment of these notes at the time of the alleged transaction, because they were not due. Havel could not have compelled *Sikorski* to receive the money thereon, because there was no consideration found to support his agreement so to do. As bearing upon the right of plaintiff to secure the money in the hands of Hickisch, we refer to the cases of *Bates v. C., M. & St. P. R. Co.* 60 Wis. 307, and *Gore v. Brucker*, 94 Wis. 65, where the following language from a Massachusetts case is quoted with approval: "We think it never could have been the intention of the legislature that the mere possession of property by a party having no claim to hold it against the owner should render him liable as trustee, and thereby subject him to trouble and expense in answering the claim in which he has no interest. Such a construction of the statute would be prejudicial in very many cases, and cannot be admitted."

There is no pretense in this case that Hickisch had any right to hold this money as against Havel, who was the owner of it. It could not become the property of *Sikorski* until it was actually paid over. It is said, however, that, as soon as he signed the satisfaction of the mortgages, his situation changed. All questions of agency between Havel and Hickisch were at an end, and *Sikorski* could have maintained an action for his money directly against the latter, and therefore the money was subject to garnishment. In other words, that the satisfaction of the mortgages in question, in legal effect, transmuted the title to the money in Hickisch's hands directly to *Sikorski*. The act of satisfying the mortgages had no such alchemistic effect. This contention ignores entirely the relations which the parties sustained to each other, as hereinbefore set forth. The mere release of the mortgage lien did not satisfy the debt. The debt remained until the actual payment of the money due.

The court found that the alleged transfer of these securities from *Sikorski* to his wife was fraudulent and void as to the former's creditors. Since, as we have found, there is no creditor here who is in a position to challenge that transfer, this finding becomes immaterial, and must fall with the plaintiff's case. As between these two defendants, it is admitted that the real ownership of the mortgage debts is in the wife. Therefore, as between them, the wife is entitled to this money. The mortgages having been satisfied of record, and the agent of the mortgagor having paid the money into court, disclaiming any right to hold the same, no good reason is perceived why the money should not be paid to *Mrs. Sikorski* upon surrender of the securities mentioned.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to enter judgment dismissing the garnishee proceedings with costs, and directing the clerk to pay the money in his hands to the defendant *Mary Sikorski* upon surrender of said notes and mortgages.