EAU CLAIRE NATIONAL BANK, Respondent, vs. CHIPPEWA VALLEY BANK, Garnishee, imp., Appellant.

*March 14—April 5, 1905.*

*Garnishment: Bank: Fraudulently transferred note and mortgage received for collection: Interpleader: Judgment: Interest: Costs.*

1. A note and mortgage were assigned by husband to wife in fraud of creditors and were by the wife placed in a bank for collection. After it had received a check from the mortgagor in payment, the bank was garnished by a creditor of the husband and had notice of the plaintiff's claim that the assignment to the wife was void. It nevertheless paid the money to the wife, who had also been made a garnishee. *Held,* that under sec. 2768, Stats. 1898, the bank was liable as garnishee.

2. Although the bank and the wife of the principal defendant were proceeded against severally as garnishees, yet all were parties to the proceeding, so that no interpleader was necessary, and a judgment in favor of the plaintiff against the bank as garnishee, and also determining that the wife had no title to the note and mortgage, was proper.

3. Under sec. 2768, Stats. 1898, the bank was liable in such case for interest on the amount found to have been in its possession as garnishee, from the date of the judgment in favor of plaintiff in the original action.

4. The bank having denied all liability, costs were properly awarded against it, under sec. 2772, Stats. 1898.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Modified and affirmed.*

It appears from the record that May 28, 1902, the plaintiff commenced an action against John T. Friend and three other parties to recover $5,976, over and above all offsets, founded upon express contract. In addition to the facts mentioned, the affidavit for garnishment stated, in effect, that the affiant believed that Louise E. Friend and the *Chippewa Valley Bank* were indebted to or had property, real or personal, in their possession or under their control belonging to the defendant John T. Friend, who had not property liable to execution sufficient to satisfy the plaintiff's demand, and that such indebtedness or property was, to the best of the affiant's knowledge and belief, not by law exempt from seizure and sale upon execution.

The *Chippewa Valley Bank,* through its cashier, on June 3, 1903, separately answered such garnishment upon oath, and therein stated that at the time of the service of the garnishee summons upon it "the *Chippewa Valley Bank* was then, and is now, in no manner and upon no account whatever indebted or under liability to the defendant John T. Friend, and that it then had, and now has, in its possession or under its control, no real estate and no personal property or credits of any description whatever belonging to said defendant or in which he has any interest, and is in no manner liable as garnishee in this action." On the same day the plaintiff's attorneys notified the attorneys of the *Chippewa Valley Bank* that the plaintiff thereby elected to take issue on the answer of the *Chippewa Valley Bank* therein to the garnishee summons, and would maintain it to be liable as garnishee.

On June 16, 1902, Louise E. Friend separately answered such garnishment upon oath to the same effect as the answer of the *Chippewa Valley Bank,* and on the same day the

plaintiff, by its attorneys, notified the attorneys for the said Louise E. Friend that they thereby elected to take issue on the answer of Louise E. Friend therein, and would maintain her as liable as garnishee.

On April 18, 1903, the plaintiff recovered judgment in the circuit court in the original action against John T. Friend and the other three parties referred to, in the sum of $6,621.18 damages and costs. On April 11, 1904, such issues on the respective answers of the garnishees, the *Chippewa Valley Bank* and Louise E. Friend, were tried, and at the close of the trial the court found, as matters of fact, in effect: (1) That judgment was rendered and entered in the original action as stated; (2) that at the time of the garnishment (May 28, 1902) the *Chippewa Valley Bank* had in its possession and under its control a certain promissory note secured by mortgage on real estate, dated July 10, 1900, and executed and delivered by Theodore and Ida Maas, and payable to John T. Friend, for $800, with interest, amounting in all on that date to $844.88, together with an assignment of said note and mortgage by John T. Friend to Louise E. Friend dated February 13, 1902; also a satisfaction of said mortgage, dated May 23, 1902, and executed by Louise E. Friend; also a check signed by William A. Teall, agent, on the "New Bank of Eau Claire," payable to the order of the *Chippewa Valley Bank,* for $844.88, which had been delivered to and accepted by the *Chippewa Valley Bank* in payment of said note and mortgage, and which was afterwards, and on May 28, 1902, paid by said New Bank of Eau Claire to the *Chippewa Valley Bank,* and which property so in the hands of the *Chippewa Valley Bank* was at the time of the value of $844.88; (3) that said note and mortgage and check at the time of the garnishment were owned by and the property of John T. Friend, and the note and mortgage had been placed in the *Chippewa Valley Bank* for collection and payment by Louise E. Friend; (4) that said assignment of the

note and mortgage from John T. Friend to Louise E. Friend was made by said John T. Friend, and received by Louise E. Friend, for the purpose of hindering, delaying, and defrauding the creditors of John T. Friend, and that in making said assignment said Louise E. Friend had notice of and participated in said fraud; that at the time of making the assignment the plaintiff was a creditor of John T. Friend, and said assignment was void as against the plaintiff; (5) that the note and mortgage were not purchased by the said Louise E. Friend from the said John T. Friend for a valuable consideration paid out of her separate estate; (6) that the *Chippewa Valley Bank* at the time of the garnishment had notice of the fact that the plaintiff claimed that said property was the property of John T. Friend, and that the assignment thereof by him to his wife, Louise E. Friend, was fraudulent and void as against the plaintiff; and the *Chippewa Valley Bank* also had notice that by said garnishment the plaintiff sought to reach, levy on, and hold said property as the property of John T. Friend; (7) that the garnishee, Louise E. Friend, had no right, title, or interest in said note, check, or mortgage, or the proceeds thereof, as against the plaintiff herein.

And as conclusions of law the court found, in effect, that the plaintiff is entitled to judgment against the *Chippewa Valley Bank* for $844.88, with interest thereon from May 28, 1902, besides the costs in this action; and to judgment that Louise E. Friend acquired no interest in said note and mortgage by virtue of said assignment as against this plaintiff. Judgment was thereupon entered in accordance with such findings. From that judgment the *Chippewa Valley Bank* appeals.

For the appellant there was a brief by *Bundy & Wilcox,* and oral argument by *C. T. Bundy.* They contended, *inter alia,* that as the garnishees were severally proceeded against (sec. 1753, Stats. 1898) the proceeding against each must be deemed, under sec. 2766, a separate action, and a judgment

against one of them cannot operate as an estoppel against the other. *Emmons v. Dowe,* 2 Wis. 358–360. It was error, therefore, in the action against the bank to adjudicate the invalidity of the transfer to Louise E. Friend and attempt to divest her title. An interpleader in that action was necessary. Sec. 2610, Stats. 1898; *Emerson v. Schwindt,* 108 Wis. 167, 172.

For the respondent there was a brief by *Wickham & Farr,* and oral argument by *James Wickham.* They argued, among other things, that where a bank has notice that funds in its hands deposited by one person are claimed to be the property of the defendant in a garnishee proceeding, and, notwithstanding such notice, pays the money over to the person who made the deposit, it is liable as garnishee. *Ferry v. Home Sav. Bank,* 114 Mich. 321, 72 N. W. 181; *Sykes v. City Sav. Bank,* 115 Mich. 321, 73 N. W. 369; *Bryant v. Wilcox* (Mich.) 100 N. W. 918; *Citizens' State Bank v. Council Bluffs F. Co.* 89 Iowa, 618, 57 N. W. 444; 14 Am. & Eng. Ency. of Law (2d ed.) 844; *Gregg v. F. & M. Bank,* 80 Mo. 251; *Raynes v. Lowell I. Ben. Soc.* 4 Cush. 343.

CASSODAY, C. J. It is contended by counsel that the *Chippewa Valley Bank,* as a matter of pure accommodation, received the papers mentioned in the foregoing statement from one party, to be delivered to another, upon payment by that other of a sum of money in exchange for the papers, the bank having no interest whatever in the transaction, not even making a charge for the services. In the principal case relied upon in support of such contention, "the answers of the supposed trustee" disclosed the facts that:

"He had been in treaty with the defendant for a cow, to be purchased if approved. No bargain had been completed, and before the time of trying the cow had expired, and before the service of the plaintiff's writ, he had notified the defendant that he should not purchase the cow and had deliv-

ered her to him, but the defendant left her in his possession, where she was at the time of the service of the plaintiff's writ." *Staniels v. Raymond,* 4 Cush. 314, 315.

Upon such facts it was there held, in effect, that the mere possession by the garnishee was insufficient to make him liable as the trustee of the owner. It is true, as claimed by counsel, that that case has frequently been cited with approval by this court. *Winterfield v. M. & St. P. R. Co.* 29 Wis. 589, 592; *Bates v. C., M. & St. P. R. Co.* 60 Wis. 296, 307, 19 N. W. 72; *Gleason v. South Milwaukee Nat. Bank,* 89 Wis. 534, 536, 62 N. W. 519; *Gore v. Brucker,* 94 Wis. 65, 69, 68 N. W. 396; *Hussa v. Sikorski,* 101 Wis. 131, 135, 76 N. W. 1117. In *Bates v. C., M. & St. P. R. Co.* the attempt was made by garnishment process, served in Milwaukee at 5 a. m., to reach a carload of hogs while in actual transit from Lyons in Walworth county to Chicago, and which was delivered to the consignee at 7:20 o'clock the same morning. In the *Gore Case, supra,* an agent of the owner of a chattel mortgage who had taken possession of the property pursuant to the terms of the mortgage, and as such agent held the same for his principal, was not, by reason of such possession, subject to garnishment in an action against the mortgagor, even though the mortgage was void as against the mortgagor's creditors. As stated in that case:

"The plaintiff was at perfect liberty to attach the property so in the custody of Brucker, since the same was open and tangible, and, in fact, inspected by the plaintiff's general manager. Had the plaintiff so attached, Lapidus [the owner of the mortgages] would have had an opportunity to assert his right as mortgagee, and to have the same determined in a proper form."

In the *Hussa Case,* cited, the mortgagor put the money in the hands of an agent to be paid over to the mortgagee in satisfaction of the negotiable note which the mortgage had been given to secure, and it was held that such agent was merely an agent of the mortgagor to transmit the money from him

to the mortgagee, who was the principal defendant in the action, "and was not a debtor of the mortgagee, nor liable as his garnishee." In that case the garnishee answered that he was not indebted to and that he had no money or property of the defendant in his possession, except $510, which sum he was informed and believed belonged to him, but which was claimed by his wife, and he asked that she be required to interplead, as prescribed by statute (sec. 2767, Stats. 1898), and she was thereupon brought into the action and made answer, and the question of the ownership of the money was determined upon such answer.

The case at bar differs essentially in its facts from any of the cases thus relied upon. In this case the note and mortgage were payable to Mr. Friend. He assigned them in writing to his wife. The note, mortgage, and assignment, with a satisfaction of the same signed by Mrs. Friend, were placed in the *Chippewa Valley Bank* for collection. The mortgagor caused a check for the amount due on the note and mortgage, and payable to the order of the *Chippewa Valley Bank,* to be delivered to that bank in payment of the note and mortgage. In that condition of things the garnishee summons was served. The *Chippewa Valley Bank* thereupon drew the money on the check and paid it over to Mrs. Friend, and delivered the other papers to the mortgagor, notwithstanding the allegation in the garnishee papers that the note and mortgage and the money due thereon were the property of and belonged to Mr. Friend, and that the plaintiff would so maintain notwithstanding its answer. The real controversy was whether such property belonged to Mr. or Mrs. Friend. Instead of submitting the facts to the court and thus relieving itself from all liability, it assumed that such property belonged to Mrs. Friend, and hence denied being indebted to or having in its possession or under its control any property whatever belonging to Mr. Friend.

Our statute prescribing the liability of a garnishee is much broader than the Massachusetts statute, and declares that:

"From the time of the service of the summons upon the garnishee he shall stand liable to the plaintiff to the amount of the property, moneys, credits and effects in his possession or under his control belonging to the defendant or in which he shall be interested to the extent of his right or interest therein, and of all debts due or to become due to the defendant, except such as may be by law exempt from execution. Any property, moneys, credits, and effects held by a conveyance or title *void as to the creditors* of the defendant shall be embraced in such liability." Sec. 2768, Stats. 1898.

The language thus quoted has been in force ever since the revision of 1878. The last sentence thus quoted was, by way of amendment to the prior statutes, added by that revision, so as "to expressly cover property held in fraud of creditors." Revisers' Notes, 1878. This court has repeatedly declared that the words thus added, in connection with other provisions of the statutes cited, "clearly evince a purpose to make the remedy by garnishment as effectual in reaching nonleviable assets, things in action, evidences of debt, credits, and effects, and in fact any property held by any sort of conveyance or title void as to the creditors of the principal defendant, as the old creditors' bill in chancery. Such is the logical result of previous decisions of this court." *La Crosse Nat. Bank v. Wilson,* 74 Wis. 391, 398, 43 N. W. 153; *Bloodgood v. Meissner,* 84 Wis. 452, 456, 54 N. W. 772; *Bragg v. Gaynor,* 85 Wis. 468, 485, 55 N. W. 919; *Spitz v. Tripp,* 86 Wis. 25, 28, 56 N. W. 330; *Jones v. Alford,* 98 Wis. 245, 251, 73 N. W. 1012; *Dahlman v. Greenwood,* 99 Wis. 163, 167, 74 N. W. 215; *Stannard v. Youmans,* 100 Wis. 275, 279, 280, 75 N. W. 1002. The case presented comes within the comprehensive language of the statute quoted.

Counsel argues that to hold a bank liable as such garnishee

is a great annoyance and obstruction to business. But that is a question for the legislature, and not for the courts.

2. It is true the two garnishees were severally proceeded against—Mrs. Friend, as claiming to be the owner of the note and mortgage and the proceeds of the check; and the bank, as the receiver and disposer of the property as mentioned. In such case the statute expressly declares that "any number of garnishees may be embraced in the same affidavit and the summons" therein "provided for." Sec. 2753, Stats. 1898. No joint judgment was rendered in the action. No interpleader was necessary, since both claimants of the property were parties to the proceedings—Mrs. Friend as garnishee, and Mr. Friend as principal defendant. *Look v. Brackett,* 74 Me. 347.

3. Error is assigned because the *Chippewa Valley Bank* was adjudged liable for interest on the $844.88 from the date of garnishment, May 28, 1902, to the entry of judgment in the garnishee proceeding, April 11, 1904. The judgment in the original action was not rendered until April 18, 1903. Until that time the plaintiff had no right to the money. The statute quoted only made the garnishee liable for the amount of moneys, etc., in its possession at the time of garnishment, but is silent as to interest. As soon as the judgment was entered in the original action, however, the plaintiff, as shown by the result of the trial, was entitled to the amount so found to be in the possession of the garnishee. For any delay after that time the plaintiff is entitled to compensation by way of damages for such delay. *J. I. Case P. Works v. Niles & Scott Co.* 107 Wis. 9, 17, 82 N. W. 568; *McCall Co. v. Icks,* 107 Wis. 232, 241, 83 N. W. 313; *Hansen v. Allen,* 117 Wis. 61, 66, 93 N. W. 805.

4. There was no error in the trial court allowing costs against the garnishee. Upon the findings of the court the statute expressly authorized judgment for costs against the garnishee. Sec. 2772, Stats. 1898.

*By the Court.*—The judgment of the circuit court is hereby modified and reduced so as to entitle the plaintiff only to recover judgment for $844.88, and interest thereon from April 18, 1903, and, as so modified and reduced, the same is affirmed. No costs are allowed in this court to either party, except the plaintiff must pay the clerk's fees.