## FRAWLEY v. CHAKOS et al.

District Court, W. D. Wisconsin. December 12, 1929.

J. B. Read, of Madison, Wis., for plaintiff.

A. W. MacLeod, of Eau Claire, Wis., for defendants.

LINDLEY, District Judge. The plaintiff filed in the circuit court of Eau Claire county, on April 10, 1929, a suit against Gust Chakos, bankrupt, Fred Karalis, Stephen Chakos, and Gust Chakos, doing business as Chakos Bros., seeking to recover rental upon certain property alleged by him to have been leased to Stephen Chakos and Gust Chakos. Thereafter the suit was removed to this court. The allegations of the complaint are sufficient to constitute a legal cause of action against the two defendants last named, but the plaintiff alleged further than on October 2, 1925, Stephen Chakos, while insolvent, being the owner of a certain real estate mortgage for $5,450, given to him by Gust Chakos, assigned the same to Fred Karalis without any valuable consideration and with intent to defraud the creditors of said assignor; that said assignee was aware of said insolvency; and that said assignment was fraudulent and void in fraud of creditors of said assignor, including the plaintiff. The complaint further alleged that the trustee in bankruptcy of Gust Chakos has been ordered by the court to pay from the bankrupt estate of Gust Chakos to said Karalis the amount of said mortgage, the same having been realized by the bankruptcy court from sale of the bankrupt's property covered by said mortgage, and the lien of the mortgage having been transferred to said proceeds of sale.

Defendant Karalis, a nonresident of the state of Wisconsin, was served by substituted service, and now enters his special appearance and moves the court to quash such service on the ground, among others, that the complaint states no cause of action against him.

By virtue of section 262.12 of the Wis. Stats. 1927, substituted service may not be made upon a nonresident defendant unless "a cause of action appears to exist" against him.

If plaintiff's complaint be treated as an action at law to recover money, it states no cause of action against the defendant Karalis, for there is no allegation of any existing indebtedness due from Karalis to plaintiff. If we consider the further allegations of the bill to the effect that the assignment of the mortgage to Karalis was void because in fraud of creditors, that said mortgage has been reduced to money and that the money is now in the hands of the trustee in bankruptcy of Chakos, and the prayer that said money shall be impounded by this court or placed in the hands of a receiver appointed for such purpose, we have allegations obviously referring to a cause in equity seeking to recover property transferred in fraud of creditors.

But as a statement of an equitable cause of action the complaint is defective, for under the Wisconsin law a suit in equity to recover property transferred in fraud of creditors may be maintained only after judgment has been obtained against the principal debtor and execution issued thereon and returned unsatisfied, or as a suit to remove a cloud on a specific property, in aid of execution issued upon a judgment recovered against the principal debtor. Gilbert v. Stockman, 81 Wis. 602, 51 N. W. 1076, 52 N. W. 1045, 29 Am. St. Rep. 922, and Pierstoff v. Jorges, 86 Wis. 128, 56 N. W. 735, 39 Am. St. Rep. 881. In Webber v. Webber, 90 Wis. 467, at page 474, 63 N. W. 757, the Supreme Court of Wisconsin held that a general creditor cannot attack an alleged fraudulent conveyance; that such attack can be made only by a creditor in aid of some lien or right acquired at law or after other legal remedies have been exhausted, and that a court of equity will not interfere in aid of creditors who have not reduced their claims to judgment or acquired any lien upon the debtor's property.

It follows from this that the complaint discloses no legal cause of action against Karalis and is wholly insufficient if considered as an attempt to state an equitable cause of action against him.

But plaintiff insists that it may maintain this action against Karalis under the garnishment statute of Wisconsin, section 267.17, St. 1927: "From the time of the service of the summons upon the garnishee he shall stand liable to the plaintiff to the amount of the property, moneys, credits and effects in his possession or under his control belonging to the defendant or in which he shall be interested to the extent of his right or interest therein, and of all debts due or to become due to the defendant, except such as may be by law exempt from execution. Any property, moneys, credits and effects held by a conveyance or title void as to the creditors of the defendant shall be embraced in such liability. In case such moneys, credits and effects in the possession or under the control of the garnishee shall exceed the amount of the plaintiff's claim the garnishee shall stand liable to the plaintiff only for the amount of the plaintiff's claim as disclosed by his affidavit, provided for in section 267.03, together with such further amount as shall be equal to all costs and damages which the plaintiff may recover in the action and garnishee proceedings."

In La Crosse National Bank v. Wilson, 74 Wis. 391, 43 N. W. 153, 155, and again in Eau Claire National Bank v. Chippewa Valley Bank, 124 Wis. 520, 102 N. W. 1068, 109 Am. St. Rep. 966, the Supreme Court of Wisconsin held that the words, "any property, moneys, credits, and effects held by a conveyance or title void as to creditors of the defendant, shall be embraced in such liability," clearly evince a purpose to make the remedy by garnishment as effectual in reaching choses in action and credits held in pursuance of any sort of conveyance or title void as to the creditors of the principal defendant, as the ordinary creditor's bill. In those cases the court held that any garnishment proceedings, ancillary to the original proceedings seeking to recover an indebtedness, would reach and hold as garnishees the original fraudulent grantee and his agents and trustees as effectually as if the suit were a direct chancery proceedings in the nature of a creditor's bill, and plaintiff now contends that, under such doctrine, he may maintain the present complaint against Karalis without showing the recovery of a judgment against Chakos.

The court cannot assent to this contention. The weakness of the proposition arises from the fact that plaintiff is not seeking to hold Karalis as a garnishee, but as a principal defendant. In the cases cited the alleged fraudulent grantee was brought into court by the garnishment proceedings ancillary to the original proceedings to recover the debt. There is nothing in the Wisconsin statute or any interpretation thereof by the Supreme Court of that state that so modifies the general law as to make Karalis liable as a defendant in the cause of action brought to recover the indebtedness. Consequently, as the complaint states no cause of action either in law or equity against Karalis, the motion to quash the substituted service must be, and is, allowed.

This court, with Judge Luse presiding, has previously held a garnishment summons upon the defendant Karalis in the City of Chicago to be unnecessary, and therefore has quashed the same. At the time said order was entered Karalis was in court by virtue of the service of the complaint now attacked and Judge Luse was obviously impelled to his decision by that fact. The court having now held that the service upon the complaint is void, the question of whether the plaintiff may hereafter proceed by way of garnishment of Karalis and secure service upon him as a nonresident garnishee defendant is not before the court and is open to future determination if the same shall be raised.

An order in accord with this memorandum may be submitted.